UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAYAM BAKHAJE, and ESLAM
KALMORZI,

    *Plaintiffs,*

v.

ANTONY J. BLINKEN, *et al.*,

    *Defendants.*

Case No. 1:22-cv-642-RCL

## MEMORANDUM ORDER

Plaintiffs Payam Bakhaje and Eslam Kalmorzi filed suit to compel the defendants "to adjudicate Petitioners' application for a nonimmigrant K-1 visa without further delay." Compl. ¶ 1, ECF No. 1. This Court will now dismiss that lawsuit for lack of subject-matter jurisdiction.

The two plaintiffs, who are of the same sex, met through the internet in December 2017 and subsequently agreed to marry. *Id.* ¶¶ 12–14. Mr. Kalmorzi is a citizen of Iran and Mr. Bakhaje is a United States citizen. *Id.* ¶¶ 9, 14. Visa restrictions for Iranian citizens prevent Mr. Kalmorzi from freely traveling to nations where same-sex marriage is permitted. *Id.* ¶ 13–14. Plaintiffs consequently applied for a K-1 fiancé visa so that Mr. Kalmorzi may visit the United States and legally marry Mr. Bakhaje. *Id.* ¶¶ 14–17. Plaintiffs filed a I-129F petition in November 2019 and then the required documentation and fees for processing a K-1 visa in August 2020. Compl. ¶¶ 15–17. In March 2022, plaintiffs filed this lawsuit, seeking a writ of mandamus compelling adjudication of the visa application, reasonable attorney's fees and costs, and "other and further relief as this Court may deem proper." *Id.* ¶ 36.

In May 2022, the defendants moved to dismiss for lack of subject-matter jurisdiction, representing that the plaintiffs' application had been adjudicated and a visa has been issued to Mr.

Kalmorzi. Mot. at 1–2, ECF No. 7. It has now been several months, and plaintiffs have not opposed the motion to dismiss, nor filed a request to extend the time to file such an opposition. "[I]t is well settled that a plaintiff's failure to respond to a motion to dismiss permits a court to grant the motion as conceded." *Hoffman v. D.C.*, 681 F. Supp. 2d 86, 94 (D.D.C. 2010) (citing *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294–95 (D.C. Cir. 2004)). On that basis alone, this case should be dismissed.

Even setting aside the plaintiffs' concession, this Court concludes that the case is moot. In a mandamus case like this one, a court's subject-matter jurisdiction ends when the agency takes the action that a plaintiff seeks. *See MCI Worldcom Network Serv., Inc. v. F.C.C.*, 274 F.3d 542, 546 (D.C. Cir. 2001). The defendants represent that the action is complete and have provided an official government website corroborating that statement. Mot. at 2 (citing Consular Elec. Appl. Ctr., Visa Status Check).[1] Specifically, the plaintiffs' processing number "ANK2020675028" returns a result of "Issued." This Court will take judicial notice of that fact. *See Markowicz v. Johnson*, 206 F. Supp. 3d 158, 161 n.2 (D.D.C. 2016). The present lawsuit is therefore moot and the Court lacks subject-matter jurisdiction over the case.[2]

For the foregoing reasons it is hereby **ORDERED** that the defendants' motion to dismiss is **GRANTED** and that the plaintiffs' lawsuit be **DISMISSED**.

**IT IS SO ORDERED.**

Date: October 17, 2022

Royce C. Lamberth
United States District Judge

---

[1] Located at https://ceac.state.gov/CEACStatTracker/Status.aspx.

[2] A request for attorneys' fees does not rescue a case that is otherwise moot. *Ruseva v. Rosenberg*, 490 F. Supp. 3d 320, 322 n.4 (D.D.C. 2020).